IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JINDARAT BREWER, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:13-CV01161 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE (TDCJ), et al. | § § § § § | |
| Defendant. | § § | |

## MEMORANDUM AND RECOMMENDATION ON DEFENDANTS' [DANIELS AND LOPEZ] MOTION TO DISMISS

This matter was referred by United States District Judge Lee H. Rosenthal, for full pre-trial management, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket Entry # 19). Before the court is a motion to dismiss, under Rule 4(m), of the Federal Rules of Civil Procedure, filed jointly by Defendants Daniels and Lopez. (["Defendant's Motion"] Docket Entry #31). Plaintiff has filed a Response, in which she asks the court for an extension of time in which to effect proper service, and Defendant has replied. (Plaintiff's Motion for Extension of Time ["Plaintiff's Motion"] Docket Entry #33), (["Defendant's Reply"] Docket Entry #34). For the reasons that follow, it is RECOMMENDED that Defendants' motion be DENIED, and that Plaintiff's motion for extension of time to effect service be GRANTED.

**PROCEDURAL HISTORY**

Plaintiff Jindarat Brewer, ("Plaintiff," "Brewer") a former employee of the Texas Department of Criminal Justice (hereinafter "TDCJ"), has made a variety of claims against that entity, and several individual TDCJ employees, in their official and individual capacities. (Plaintiff's Second Amended Complaint ["Complaint"]). Plaintiff filed her first complaint on

May 24, 2013. At a September 6, 2013 hearing, the court granted a previous motion to dismiss for insufficient service of process, without prejudice. Plaintiff was ordered to file an amended complaint, and to effect proper service on all Defendants, on or before November 15, 2013. (Minute Entry 21, Sept. 06, 2013).[1]

On October 2, 2013, Plaintiff filed her Second Amended Complaint. Plaintiff had successfully served all Defendants, except Daniels and Lopez, before the November 15, 2013 deadline. On January 10, 2014, Daniels and Lopez filed this motion to dismiss, under Federal Rule of Civil Procedure 4(m), for failure to effect proper service. FED. R. Civ. Pro. 4(m). These Defendants argue that, because more than 120 days has passed since Plaintiff filed suit, and more than forty-five days has passed since proof of proper service was required, they are entitled to a dismissal. They further argue that this delay is "without good cause," and that "Daniels and Lopez are prejudiced in being able to effectively and timely prepare their responses and defenses." (Defendant's Motion at 2).

On January 21, 2014, however, Plaintiff filed a "Response in Opposition" and an accompanying "Motion for Alternative Service." (Plaintiff's Motion at 1). Plaintiff contends that both Daniels and Lopez are evading service of process, and she "requests an extension for the deadline for service" for that reason. *Id.* In addition, Plaintiff asks permission "to effect substitute service." *Id.* She hopes to affix the cover sheet, summons, and complaint to the front door of Defendants' workplace, the TDCJ Ramsey Unit, or to the front door of their respective residences. Defendants argue that Brewer's request for substituted service should be denied because, "Plaintiff has failed to exercise due diligence in obtaining proper service on Lopez and Daniels" by "waiting 60 days to seek an order for substituted service." (Defendants' Reply at 1).

---

[1] Only the Title VII claims against the individual defendants were dismissed *with* prejudice and without leave to amend.

2

**Standard of Review**

Federal Rule of Civil Procedure 4(m) sets out the requirements to serve a defendant after a complaint has been filed:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that serve be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). Under Rule 4(m), if a plaintiff fails to serve a defendant within that 120-day period, the court may either dismiss the action without prejudice or direct that service be effected within a specified time. *Thompson v. Brown,* 91 F. 3d 20, 21 (5th Cir. 1996). Before "entertain[ing] a motion to extend time for service, [the court] must first determine whether good cause exists" to do so. *Id.* Generally, a claim will not be dismissed absent a showing of intentional delay or "contumacious conduct." *Milam v. USAA General Indem. Co.*, 546 F.3d 321, 326-27 (5th Cir. 2008) (noting that the delay must be "characterized by significant periods of total inactivity," and be "longer than just a few months"). So long as good cause for the delay exists, "the [ ] court *must* extend time for service." *Thompson,* 91 F.3d at 21 (emphasis in original).

In the Fifth Circuit, a discretionary extension of time is warranted "if the defendant is evading service or conceals a defect in attempted service." *Milam,* 546 F.3d at 325. In fact, courts should consider the manner of attempted service, and any evidence of multiple attempts in making this determination. *See Evergreen Nat'l Indem. Co. v. Herndon,* 2007 U.S. Dist. LEXIS 34238 at *2 (N.D. Tex. Apr. 2007) (denying dismissal and granting alternative method of service when multiple attempts were documented by process server). The dismissal of claims under Rule 4(m) "should be reviewed under the same heightened standard used to review a dismissal with prejudice." *Milam,* 546 F.3d at 326.

**Discussion**

In support of her motion, Plaintiff has submitted two affidavits from a process server, Charles Black, which detail his attempts to serve both Daniels and Lopez. (Docket # 33-1). Brewer has produced evidence of four attempts to serve Daniels, each of which occurred prior to the November 15, 2013 deadline. ((Docket # 33-1). The affidavit from Black, describing the first attempt on October 22, 2013, states that he was told that "Daniels is not here today." *Id.* That same information was reported on October 24, 2013. However, on October 28, 2013, at 10:45 am, the process server reported that Daniels was present, but Black was still unsuccessful at serving him because,

> I was told Daniels was here today. I was also told I would have to catch him coming out because they were not going to help me. I waited and waited. I was told he leaves at noon. After waiting for well over an hour I spoke with the officer at the entry gate and was told at that time Daniels had already left.

Black was likewise unable to serve Daniels on November 4, 2013. In the affidavit, Black states that,

> I spoke with the warden's secretary. She said Daniels is here today. She took my contact information and she said she would call me, but I never heard back from her. I tried to call the warden's secretary but each time it went to voicemail. I also spoke with the officer in the tower who said Daniels was here today. A few minutes later the officer in the tower then told me Daniels was not here today.

*Id.*

The affidavit from Black regarding attempts to serve Lopez shows a similar pattern of conduct. Service was attempted three different times on Lopez before the court deadline. Each time, Black stated that he was "told Sgt. Lopez was not here at this time." *Id.* Black also stated that he "tried to coordinate with the warden's secretary" to set a date and time to effect service, but "she was not cooperative." *Id.* Instead, the secretary gave Black a telephone phone number

4

for Lopez at the prison, but each time he called, he was told "the defendant was not working at that time." *Id.*

These affidavits persuade the court that Brewer has made a good faith effort to serve both Daniels and Lopez. Because it appears that both gentlemen may be attempting to evade service of process, there is good cause for Plaintiff's failure to timely serve them. For this reason, Defendants' motion to dismiss should be DENIED, and Plaintiff's motion for an extension of time should be GRANTED.

**CONCLUSION**

Based on the foregoing, it is **RECOMMENDED** that Defendants' motion to dismiss be **DENIED**.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Lee H. Rosenthal, Room 11535, and to the chambers of the undersigned, Room 7007.

**SIGNED** at Houston, Texas, this ___ day of February, 2014.

MARY MILLOY
UNITED STATES MAGISTRATE JUDGE