IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JINDARAT BREWER, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-13-1161 |
| § | |
| BRAD LIVINGSTON, *et al.*, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND OPINION**

The plaintiff in this case has asked the court to relieve her from the settlement she agreed to in June 2014. The defendant has asked the court to enforce the settlement. The plaintiff's request is denied, and the defendant's request is granted.

The record shows that this case was settled in a conference held pursuant to court order before a magistrate judge on June 10, 2014. At the settlement conference, the parties, both represented by counsel, signed an agreement setting out the agreed settlement terms. The agreement required approval by the Attorney General of the monetary portion of the settlement. The parties agreed to dismiss the case with prejudice.

The Attorney General's approval was obtained. The defendant obtained the checks in the agreed-upon amounts and sent the full Compromise and Settlement Agreement and a Stipulation of Dismissal to plaintiff's counsel in September 2014. Delays resulted because the plaintiff's counsel's office was burglarized. A new set of documents were sent in October 2014, to be signed by the plaintiff. The defendant's lawyer followed up in January 2015 when no signed documents were returned. The plaintiff's counsel responded that he was waiting for his client's signature. In

February 2015, the plaintiff wrote to the court, stating that she had not received her settlement check. At the same time, she stated that her lawyer had sent her the settlement documents to sign so she could get the check. She appears to accuse her lawyer of forcing or threatening her to sign the agreement, and states that she is "stress" and "scare" to sign. She does not, however, indicate that she is dissatisfied with the settlement terms.

The defendant has asked the court to enforce the settlement agreement reached in June 2014. "Federal courts have the inherent power to enforce settlement agreements entered into by the parties litigant in a pending case, to determine compliance with procedural prerequisites, and to determine when, if ever, a party may repudiate a contractually binding settlement agreement." *White Farm Equip. Co. v. Kupcho,* 792 F.2d 526, 529 (5th Cir. 1986) (collecting cases). A settlement agreement is a contract; whether it is enforceable is determined by reference to state substantive law governing contracts generally. *Id.*

Under Texas law, settlement agreements are governed by TEX. CIV. PRAC. & REM. CODE ANN. § 154.071 (Vernon Supp. 1995), which provides in part as follows:

> (a) If the parties reach a settlement and execute a written agreement disposing of the dispute, the agreement is enforceable in the same manner as any other written contract.

The document the parties executed in the settlement conference held in June 2014 before a magistrate judge is an enforceable agreement. The court finds no basis to set it aside. The plaintiff will receive her settlement check if, and when, she signs the settlement documents she was sent months ago. The court will not set the parties' agreement to settle the case aside.

The plaintiff's request for relief from the settlement is denied, (Docket Entry No. 54), and the defendant's request to enforce it, (Docket Entry No. 55), is granted.

SIGNED on March 18, 2015, at Houston, Texas.

Lee H. Rosenthal
United States District Judge